UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 11-206-KSF

MARY LOGAN,                                                                                    PLAINTIFF,

V.                                              **OPINION & ORDER**

SUN LIFE INSURANCE COMPANY OF CANADA,                              DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Plaintiff's motion for summary judgment. [DE 11]. This matter having been fully briefed by the parties, it is now ripe for review.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff is the wife of James Logan ("James"), who, on June 4, 2010, was driving with a passenger in his car in Woodford County, Kentucky. During the drive, James lost control of the car and went off the right side of the road into the grass shoulder, then veered across the center line and went off the left shoulder where he struck a fence. James died instantly.

James had a history of diabetes and has been insulin dependent since 1988. In the period from 2007 through 2009, James was not completely compliant with his doctor's instructions. Accordingly, his doctor, Lyle C. Myers, M.D., described his diabetes as "deteriorating." However, in May 2010. his doctor changed this assessment to "improving."

During the crash, James' passenger, Mr. Frederico Jorge Liberl-Guerra ("Mr. Liberl-Guerra"), witnessed what he thought to be a seizure. After the crash, the coroner, Mr. Don Clark ("Mr. Clark") performed an investigation in which Mr. Liberl-Guerre informed him that he

witnessed the seizure. Due to this fact, Mr. Clark labeled the primary cause of death as "blunt force trauma as a result of the car accident" and "diabetic episode" as the secondary cause of death. Mr. Clark never performed an autopsy nor performed further investigation into Mr. Guerre's claim that James had suffered a seizure.

James had a group life insurance policy through his employer, Kaba Mas, LLC, provided by Defendant, Sun Life Assurance Company of Canada ("Sun Life"). The policy covered both death and accidental death. The death benefit was paid. The company requested and received additional information regarding the incident before making a determination regarding payment of the accidental death benefit. After an investigation of the claim, it was denied based on Sun Life's determination that the car crash was not accidental. At the time of the denial, it was no longer possible to initiate an autopsy or test the decedent's blood for his glucose levels, which would have shed some light on whether, in fact, James had suffered a "diabetic episode." Mr. Clark noted that urinalysis could be done to determine glucose levels, but one was never performed.

The policy at issue provides a dissatisfied participant or beneficiary an opportunity for an administrative appeal of the denial of his or her benefits. Here, after denying Plaintiff's claim for accidental death benefits, Sun Life provided the Plaintiff with notice of her right to appeal. However, she did not avail herself of that right. Plaintiff filed suit in Fayette County Circuit Court on June 3, 2011, asserting causes of action under state law for breach of contract and bad faith. Because this dispute arose out of an employer-sponsored employee welfare benefits plan governed by ERISA, the defendant properly removed the case to this Court.

II.     MOTION FOR SUMMARY JUDGMENT

Defendant asserts that the Plaintiff's suit should be dismissed because she did not exhaust her administrative remedies before commencing her lawsuit. The Sixth Circuit has held that "the administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit." *Constantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir. 1994); *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1994); *Baxter v. C.A. Muer Corp.*, 941 F.2d 451 (6th Cir. 1991). Not only does the legislative history of ERISA support this proposition, but also the relevant ERISA provision reads: "[E]very employee benefit plan shall ... afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." *Constantino*, 13 F.3d at 974, citing 29 U.S.C. § 1133(2). However, under the "futility" exception to the exhaustion requirement:

> [f]ailure to exhaust administrative remedies is excused "where resorting to the plan's administrative procedure would simply be futile or the remedy inadequate." *Fallick v. Nationwide Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998). "The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made." *Id.* A plaintiff must show that "it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." *Id.* (quoting *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir.1996)).

*Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499 (6th Cir. 2004). The administrative futility doctrine, for which the exception above is known, is generally applied in two situations: (1) when the plaintiff's suit challenges the legality of the plan, rather than a mere interpretation of it; and (2) when the defendant lacks the authority to institute the decision sought by the plaintiff. *See Fisk v. Cigna Group Ins.*, 2011 WL 4625491 at *3 (E.D.Ky. Oct. 3, 2011)(citing *Costantino*, 13

3

F.3d at 975; *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 719 (6th Cir. 2005)).

Plaintiff argues that the language of the policy left the decision whether to appeal a denial of her claim to her discretion, noting that the policy states, "If all or any part of a claim is denied, the claimant *may* request in writing a review of the denial." [DE 16 at 2 (emphasis added)]. While the Plaintiff is correct in noting that the policy allows for a discretionary appeal, it is clear that the Sixth Circuit requires such appeal before suit is brought in this or any other Court. *See supra Constantino*, 13 F.3d 969. Moreover, the Sixth Circuit rejected Plaintiff's argument in *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 454 (6th Cir. 1991). In *Baxter*, although the plaintiff argued that the plan did not make the appeal process mandatory, the Court found that "[t]he fact that permissive language was used in framing the administrative review provision makes no difference." Indeed, requiring administrative exhaustion even in cases such at this nevertheless advances the purposes of the administrative exhaustion requirement, which include minimizing the number of frivolous ERISA lawsuits; promoting the consistent treatment of benefit claims; providing a non-adversarial dispute resolution process; and decreasing the cost and time of claims settlement. *Constantino*, 13 F.3d at 975 (citations omitted). Because there is no factual dispute as to whether the Plaintiff has failed to exhaust, the next step is to inquire whether the exception to this requirement applies.

Plaintiff argues that the "futility exception" applies here; this Court disagrees. The standard for the exception is whether "a clear and positive indication of futility can be made." *Fallick*, 162 F.3d at 419. "A plaintiff must show that it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." *Id.* (internal quotations omitted). While Plaintiff asserts that the evidence regarding Sun Life's determination

4

of denial shows futility, this argument is simply incorrect. The Plaintiff has not presented any evidence showing that it is certain her claim would have been denied on appeal. She also asserts that the defendant, Sun Life, was "looking for any excuse to deny the claim." [DE 16 at 3]. Again, there is little evidence supporting this assertion. It is certainly clear that the decedent was a diabetic, his passenger witnessed what he thought to be a seizure, there was no alternative reason for the accident, such as weather or an interaction with another vehicle, to explain why the decedent veered off the road, and the coroner ruled the secondary cause of death as "diabetic episode." Therefore, there was a clear basis for Sun Life's decision to deny the claim. Indeed, to the extent that Plaintiff believes that Sun Life's decision denying her claim was made in haste, an administrative appeal could have alleviated this problem, thus eviscerating Plaintiff's argument that an appeal would have been futile.

Finally, it is clear from the Plaintiff's suit that she is not challenging the legality of the plan, nor does the defendant lack the authority to institute the decision sought by the Plaintiff, the two situations in which the futility exception is most likely to apply. Therefore, in light of the Plaintiff's failure to exhaust her administrative remedies, and the inapplicability of the futility exception to the exhaustion requirement, Plaintiff's claim is dismissed without prejudice.[1]

---

[1] "[T]he presiding judge, in his or her sound discretion, may instead elect to dismiss the ERISA causes of action without prejudice because of the complainant's failure to discharge procedural requisites, thereby allowing the plaintiff an opportunity to correct those procedural defects by invoking the available intra-company claim dispute resolution mechanism, which in turn will empower the employer's administrative claim and review apparatus to potentially settle the conflict without recourse to the judicial system." *Borman v. Great Atl. & Pac. Tea Co., Inc.*, 64 Fed.Appx. 524, 528 (6th Cir. May 22, 2003)(unpublished)(citing *Ravencraft v. UNUM Life Ins. Co.*, 212 F.3d 341, 344 (6th Cir.2000).

III.     CONCLUSION

Based on the above, the Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** that

(1)     the Plaintiff's motion for summary judgment [DE 11] is **DENIED**;

(2)     this case is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to exhaust her administrative remedies and **SHALL BE STRICKEN** from the active docket.

This June 19, 2012.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge